IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIM CARRICO, SMALL PROPERTY OWNERS OF SAN FRANCISCO INSTITUTE, and MARY FIGONE,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO,

Defendant.

No. C 09-00605 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ORDER TO SHOW CAUSE**

## INTRODUCTION

This action challenges San Francisco's Proposition M on federal and state law grounds. Proposition M prohibits tenant harassment by landlords, provides for attorney's fees for successful plaintiffs in unlawful detainer actions, and adds harassment as an affirmative defense to unlawful detainer actions. This order finds that plaintiff landlords' substantive due process claim is not plausible. Accordingly, defendant's motion to dismiss that claim is **GRANTED**. Since the only remaining federal claim appears to be moot or insubstantial, the parties are **ORDERED TO SHOW CAUSE** as to why that claim should not be dismissed. This order does not consider the merits of plaintiffs' motion for preliminary injunction.

## STATEMENT

The voters of the City and County of San Francisco (CCSF) passed and approved an initiative designated as Proposition M in the November 2008 elections. Plaintiffs Tim Carrico,

1  Small Property Owners of San Francisco (SPOSF), and Mary Figone bring this action to
2  challenge that initiative. SPOSF is a nonprofit association that represents owners of residential
3  properties in the City and County of San Francisco.

4  Proposition M seeks to prevent landlords from harassing and pressuring tenants to vacate
5  rental units so that landlords can bring in new tenants at higher rents. Proposition M amended
6  Section 37.9(g) of the San Francisco Administrative Code (Rent Ordinance) and added a new
7  Section 37.10B to that ordinance. Those amendments prohibited various acts or omissions by
8  landlords that are designed to harass tenants. They also added other legal protections that were
9  designed to prevent harassment against tenants. These additions included a provision that
10 allowed for shifting of attorney's fees for plaintiffs who successfully litigate unlawful detainer
11 proceedings and a provision that created an affirmative defense for violations of the rent
12 ordinance in such proceedings.

13 Multiple landlords' associations filed suit in the San Francisco Superior Court in
14 December 2008 challenging Proposition M. That action is titled *Larson v. City and County of*
15 *San Francisco*, San Francisco Superior Court Case No. 08-509083. The petitioners in that action
16 included the San Francisco Apartment Association (SFAA) and the San Francisco Association
17 of Realtors (SFAR). On May 19, 2009, after briefing and oral argument, the San Francisco
18 Superior Court granted in part and denied in part the *Larson* petition. The state court concluded
19 that the definition of harassment, "with ulterior motive or without honest intent," was vague and
20 therefore severed that provision. The state court also severed the attorney's fees provision.
21 Proposition M was upheld on all other grounds. The *Larson* petitioners filed a notice of appeal
22 on July 28, 2009, only a few days ago.

23 Plaintiffs filed this action in February 2009. Plaintiffs are SPOSF, Mary Figone, and
24 Tim Carrico, a member of SFAR and the former president of SFAA. This action is nearly
25 identical to *Larson*. Plaintiffs raise the same claims that were dicided in Larson, with the

addition of one federal claim and two state-law claims.* Defendant now brings this motion to dismiss those claims.

**ANALYSIS**

Plaintiffs' post-election claim that the ballot materials violated substantive due process under the United States Constitution fails to state a claim for relief. For the following reasons, defendant's motion to dismiss claim two is **GRANTED**.

Whether a ballot pamphlet "falls below the requirements of substantive due process is an issue of law." *Burton v. Georgia*, 953 F.2d 1266, 1269 n.2 (11th Cir. 1992) (cited with approval by the Ninth Circuit in *National Audubon Society, Inc. v. Davis*, 307 F.3d 835 (9th Cir. 2002)). To attack election ballot materials for violation of federal substantive due process, the Ninth Circuit has adopted the Eleventh Circuit's high burden:

> For such extraordinary relief to be justified, it must be demonstrated that the state's choice of ballot language so upset the evenhandedness of the referendum that it worked a patent and fundamental unfairness on the voters. Such an exceptional case can arise . . . only when the ballot language is so misleading that voters cannot recognize the subject of the amendment at issue. As long as citizens are afforded reasonable opportunity to examine the full text of the proposed amendment, broad-gauged unfairness is avoided if the ballot language identifies for the voter the amendment to be voted upon. Therefore, substantive due process requires no more than that the voter not be deceived about what amendment is at issue.

*National Audubon Society*, 307 F.3d at 858 (citing *Burton*, 953 F.2d at 1269) (internal ellipse omitted). Generally, the democratic process requires attacks on deficiencies in the ballot materials to occur "before an election takes place and not after." *People ex rel. Kerr v. County of Orange*, 106 Cal. App. 4th 914, 934 (2003).

Plaintiffs argue that their due process rights were violated because the neutral digest for Proposition M did not call the voters' attention to the affirmative defense portion of Section 37.10B(c)(3) or the attorney's fees provision in Section 37.10B(c)(6). This argument

---

* Specifically, plaintiffs assert: (1) violation of First and Fourteenth Amendments; (2) violation of federal substantive due process; (3) declaratory relief; (4) state law preemption; (5) violation of San Francisco Municipal Elections Code Section 500; (6) violation of state substantive due process; and (7) state declaratory relief.

is frivolous. *First*, the partisan ballot materials and summary in the voter information pamphlet informed voters that Proposition M contained an attorney's fees provision. *Second*, both the affirmative defense portion and the attorney's fees provision were included in the full text of the measure provided to the voters in the voter information pamphlet.

Plaintiffs also allege that the legal text of Proposition M in the voter information pamphlet was materially misleading. The voter information pamphlet contained the text of Proposition M in both underlined and "strikeout text." Additions to Chapter 37 were indicated in underlined italics, and deletions were written in strikethrough italics. Plaintiffs argue that the existence of any "strikeout" text was misleading to voters because it represented that Proposition M was an alteration of an existing tenant harassment ordinance rather than completely new legislation. This argument fails. The first page of the legal text of Proposition M appeared as follows:

> Ordinance amending Administrative Code Chapter 37 Residential Rent Stabilization and Arbitration Ordinance by: amending Section 37.2 to define harassment by or on behalf of an owner; and by adding Section 37.10B "Tenant Harassment" to prohibit defined harassment by landlords and to provide for enforcement by reduction in rent on grounds of substantial and significant decrease in services and to provide for enforcement by criminal and civil penalties including punitive damages.
>
> Note:   Additions are *single-underline italics Times New Roman.*
>            Deletions are *strikethrough italics Times New Roman*.

(CCSF Exh. 1 at 254). The beginning of Section 37.10B again stated that "The San Francisco Administrative Code is hereby amended by *adding* Section 37.10B" (*id.* at 256) (emphasis added). Similarly, the ballot materials informed the voters several times that the rent ordinance did not already ban tenant harassment and that "Proposition M will add a provision to our rent control law prohibiting tenant harassment and letting tenants get rent reductions if being harassed" (*id.* at 170–73). Furthermore, whether an existing ordinance already concerned the subject of tenant harassment is merely ancillary and does not strike at the purpose of Proposition M. Thus, plaintiffs' claim is far from the "patent and fundamental unfairness" that is required to state a post-election due process claim.

1    Plaintiffs do not cite a single decision in the Ninth Circuit where a post-election
2 substantive due process challenge to ballot materials prevailed.  Plaintiffs cite decisions such
3 as *Bennett v. Yoshina*, 140 F.3d 1218 (9th Cir. 1998), and *Horwath*; but at most these decisions
4 stand for the proposition that an election violates due process under the United States
5 Constitution when it is conducted in a manner that is fundamentally unfair.

6    Claim two fails as a matter of law because the complaint does not state plausible facts
7 that rise to the level of "a patent and fundamental unfairness."  Because the voters were not
8 deceived about the amendment at issue, defendant's motion to dismiss the federal substantive
9 due process claim is **GRANTED**.

                          *         *         *

11   The only federal claim remaining is plaintiffs' First Amendment claim that
12 Sections 37.10B(a)(6) and (7) of Proposition M chills landlords from exercising their right
13 to engage in free speech with tenants.  This claim likely fails as a matter of law.

14   The sections at issue hold that a landlord or landlord's agent may not "in bad faith or
15 with ulterior motive or without honest intent . . . (6) attempt to coerce the tenant to vacate
16 with offer(s) of payments to vacate which are accompanied with threats or intimidation; [or]
17 (7) continue to offer payments to vacate after tenant has notified the landlord in writing that they
18 no longer wish to receive further offers of payments to vacate" (CCSF Exh. 1 at 256).  The state
19 court in *Larson* considered the First Amendment claim and struck the phrase "with ulterior
20 motive or without honest intent" from the statute.  The only remaining language in that
21 provision is "bad faith."  It is unlikely that the Proposition M as it now stands violates the
22 First Amendment.  Therefore, plaintiffs' single remaining federal claim appears to be moot
23 or insubstantial.

24   If so, then only state law claims would remain in this action.  The subject-matter
25 jurisdiction for those claims is based on supplemental jurisdiction, which is discretionary.  Given
26 that those involve important principles of state constitutional law, the state courts would be
27 better suited to decide them.  Therefore, this Court is inclined against exercising supplemental

jurisdiction over the state law claims and the parties are ordered to show cause otherwise if they wish a different outcome.

**CONCLUSION**

Plaintiffs' federal substantive due process challenge does not state a claim. Accordingly, defendant's motion to dismiss claim two is **GRANTED**. Since leave to amend would be futile, this claims is **DISMISSED WITH PREJUDICE**.

Having dismissed claim two, only one federal claim remains. Moreover, the single remaining federal claim appears to be moot or insubstantial. Accordingly, by **FRIDAY, AUGUST 21 AT NOON**, the parties are **ORDERED TO SHOW CAUSE** as to why the remaining federal claim should not be dismissed.

**IT IS SO ORDERED.**

Dated: August 7, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE